NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2596-15T1

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR MORGAN STANLEY ABS
CAPITAL I INC. TRUST
2006-WMC2,

 Plaintiff-Respondent,

v.

MARY JANE HOLGANZA; MR.
HOLGANZA, husband of MARY
JANE HOLGANZA; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. AS A NOMINEE
FOR WMC MORTGAGE CORP, ITS
SUCCESSORS AND ASSIGNS,

 Defendants.
_______________________________

 Submitted May 9, 2017 – Decided May 19, 2017

 Before Judges Fisher and Ostrer.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Passaic County,
 Docket No. F-30224-08.

 Umit Sarhan, appellant pro se.

 Reed Smith LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).
PER CURIAM

 Umit Sarhan appeals from a February 23, 2016 order of the

General Equity Part, denying his February 8, 2016 application, by

way of an order to show cause, to intervene in a pending

foreclosure action and to secure a stay of a purportedly impending

sheriff's sale, although it had already occurred on February 2,

2016. We affirm.

 Sarhan contended that he was a party to a 2011 contract to

purchase from the mortgagor, Mary Jane Holganza, the property that

was subject to the sheriff's sale. The contract was actually

between Holganza and BMS Investment Group, LLC, of which Sarhan

claimed to be the "General Manager."

 The foreclosure action had commenced in 2008, a lis pendens

was promptly filed, and a final judgment against Holganza was

entered in 2010. A sheriff's sale was scheduled that year, but

it was adjourned multiple times, for various reasons, including

Hurricane Sandy and Holganza's bankruptcy filing. In addition to

his request to intervene and for a stay of the sheriff's sale,

Sarhan sought an order vacating the foreclosure judgment, so he

could raise a familiar grab bag of defenses pertaining to the

lender's own standing.

 Sarhan's appeal lacks merit. We confine ourselves to two

observations. First, any rights under the 2011 contract belong

 2 A-2596-15T1
to the limited liability company, not Sarhan. See N.J.S.A. 42:2C-

4(a) ("A limited liability company is an entity distinct from its

members."). Second, the LLC had no right to notice of the

sheriff's sale and was bound by the foreclosure judgment, since

the LLC had no recorded interest in the property when the

foreclosure action commenced and the lis pendens was filed. See

R. 4:64-1 (requiring a foreclosure plaintiff to search the public

record and identify the parties with an interest in the property);

N.J.S.A. 2A:15-7(a) (stating that a person who acquires property

after the filing of a lis pendens does so with imputed knowledge

of the pending action, and is bound by any subsequent judgment).

Any further comment is not warranted. R. 2:11-3(e)(1)(E).

 Affirmed.

 3 A-2596-15T1